

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL 16 PM 4:40

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL J. SCARDINA** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-1512** |
| **MAERSK LINE, LTD.** | * | **SECTION "E"** |
| | | **MAG. (2)** |

**********************************

### OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MAERSK'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY AND REPORTS OF DR. AGHAZADEH

**MAY IT PLEASE THE COURT**:

In a well-reasoned opinion issued yesterday, this Honorable Court granted Maersk's Motion in Limine to exclude the testimony and reports of Dr. Fereydoun Aghazadeh. In so ruling, the Court even went so far as to consider a supplemental report issued by Dr. Aghazadeh on July 11, 2002 (and first seen by undersigned counsel on July 16, 2002). After reviewing Dr. Aghazadeh's "explanation" of his earlier report, the Court found that his

1



ultimate opinions will not assist the jury in understanding the evidence or resolving the factual dispute in this case. Plaintiff asks the Court to reconsider the ruling.

Plaintiff apparently accepts the Court's ruling insofar as Dr. Aghazadeh would opine that the cause of the fall was due to fatigue, coordination impairment, etc. Plaintiff, however, claims he would be prejudiced if Dr. Aghazadeh was not entitled to testify that plaintiff could have fallen as described. Plaintiff's argument misses the point.

As outlined in Maersk's initial motion and memorandum in support, Maersk advised plaintiff early in this litigation that it intended to retain a biomechanical engineer. The fact that plaintiff did not know the expert's name, nor ultimate conclusion, does not mean that "Maersk ambushed" plaintiff, Maersk provided plaintiff with Dr. Li's report in a timely fashion. Instead of following the rules set by the Minute Entry of this Honorable Court, which required *plaintiff* to produce his expert reports thirty (30) days before the defense expert deadline, plaintiff chose to retain this expert to rebut the report of Dr. Li.

Not only was Dr. Aghazadeh's initial report untimely, it clearly offered opinions outside his area of expertise, and opinions (as the Court noted) which would not assist the trier of fact. Essentially, Dr. Aghazadeh now has issued a supplemental report, which undersigned counsel receives only four (4) working days prior to trial, attempting to offer calculations, drawings, etc. to support an opinion that the accident could have occurred the way plaintiff states. For the reasons outlined in the Court's July 15th opinion, and because

this supplemental report comes entirely too late in the litigation, plaintiff's motion for consideration should be denied. Obviously, plaintiff can have the benefit of any expert input Dr. Aghazadeh might offer with respect to the cross-examination of Dr. Li.

Finally, it is interesting to note that in issuing his report, Dr. Aghazadeh indicates that plaintiff's right foot most likely landed one foot from the top and one foot from the left side of the stepping block. This clearly is contrary to plaintiff's own deposition testimony, wherein he states he placed his foot in the center of the block. Dr. Aghazadeh is now assumes facts not in evidence to support an untimely opinion.

The Court's prior ruling should stand, and Dr. Aghazadeh should be precluded from testifying.

> Respectfully submitted,
>
> MURPHY, ROGERS & SLOSS
>
> _____
> Peter B. Tompkins (#17832)
> Peter B. Sloss (#17142)
> Suite 400, One Shell Square
> 701 Poydras Street
> New Orleans, Louisiana 70139
> Telephone: (504) 523-0400
> Attorneys for Defendant,
> Maersk Line, Ltd.

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this \_\_16th\_\_ day of July 2002, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

_____
Peter B. Tompkins

375/2121